MICHAEL DONAHOE
Deputy Federal Defender
Federal Defenders of Montana
Helena Branch Office
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 449-8381
Fax: (406) 449-5651
Email:  michael_donahoe@fd.org
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TARA ANN GALLAGHER,<br><br>Defendant. | CR 21-43-BU-DLC<br><br>DEFENDANT GALLAGHER'S BRIEF IN SUPPORT OF OPPOSED MOTION IN LIMINE |

### INTRODUCTION

Ms. Gallagher has brought a motion in limine (ECF No. 16).   This brief supports that motion.

### ARGUMENT

The shootout evidence is not relevant (Fed. R. Evid. Rule 401).  We expect the government will argue the contrary and urge that the shootout evidence provides

1

background and an overall contextual narrative. This argument would be wrong for the following reasons.

First, the charges in the indictment brought against Ms. Gallagher center on false statements. A statement is false untrue when made. Thus, a "false" statement has a non-obvious temporal component to it. Here the alleged false statements were made on March 2, 2017 (Count I), and March 15, 2017 (Count II). The shootout was on or around May 15-16, 2017. (*See* Exhibit A). Therefore, the subsequent events surrounding the shootout do not serve to make it more or less probable that the ATF Forms were answered falsely. Tragic though it is, the deaths of either John Doe and/or Deputy Moore simply do not have a tendency in reason to make the answers false on the 4473 Form. Moreover, a typical relevance theory of the government in situations like this is to urge that the evidence sought to be admitted is "inextricably intertwined" with the charged crime(s). This too would be wrong. Such a theory is to be applied "narrowly to avoid the overly-broad, so-called 'res gestae' exception" *United States v. Hill*, 953 F.2d 452, 457, fn. 1 (9th Cir. 1991).

Next under Fed. R. Evid. Rule 403 the Court can and should exclude evidence if its prejudicial effect outweighs its probative value; and/or it would tend to mislead the jury. It is extremely likely in this situation that the jury would consider the shootout evidence to suggest that Ms. Gallagher was more likely to lie on the ATF Forms and make herself, in a manner of speaking, an accomplice in Deputy Moore's

death. Yet when signing the ATF Forms Ms. Gallagher had absolutely no way of divining what would occur in Three Forks, Montana, some two months later. Said a little differently, the utility of the shootout evidence in deciding whether Ms. Gallagher's statements on the ATF Forms were false is exceedingly small to almost non-existent in comparison to the prejudicial effect the shootout evidence would have.

## CONCLUSION

WHEREFORE, the Court should exclude any and all reference to the shootout evidence on the government's case-in-chief, during the defendant's case (if any); and/or on the government's rebuttal (if any).

RESPECTUFLLY SUBMITTED this 31st day of January, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double-spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 407 excluding tables and certificates).

RESPECTFULLY SUBMITTED this 31st day of January, 2022.

/s/ Michael Donahoe
MICHAEL DONAHOE
Deputy Federal Defender
Counsel for Defendant

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on January 31, 2022, a copy of the foregoing document was served on the following persons by the following means:

  __1__     CM-ECF

  __2__     Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. PAULETTE STEWART
   Assistant U.S. Attorney
   Paul Hatfield Federal Courthouse
   901 Front Street, Suite 1100
   Helena, MT 59626-1100
   　　Counsel for the United States of America

2. TARA ANN GALLAGHER
   　　Defendant

　　　　　　　　　　　　　　　　/s/ Michael Donahoe
　　　　　　　　　　　　　　　　FEDERAL DEFENDERS OF MONTANA