**PAULETTE L. STEWART**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: paulette.stewart@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 21-43-BU-DLC |
|---|---|
| Plaintiff, | |
| vs. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE AND 404(B) NOTICE** |
| TARA ANN GALLAGHER, | |
| Defendant. | |

The United States of America by and through Assistant United States Attorney Paulette L. Stewart responds to the defendant's motion in limine and brief in support filed on January 31, 2022. *See* Docs. 16-18. The United States also provides a 404(b) notice within the response.

1

## INTRODUCTION

Gallagher seeks to "exclude any and all evidence of the events leading up to the shootout and any and all evidence of the shootout itself." Doc. 16 at 3. The motion should be denied.

Gallagher is charged in the indictment with two counts of false statement during a firearms transaction in violation of 18 U.S.C. § 922(a)(6). Doc. 2.

The elements for count I of the indictment are:

- First, Bob Ward & Sons, Inc. is a licensed firearms dealer;

- Second, in connection with acquiring a Glock 9mm pistol from Bob Ward & Sons, Inc., the defendant made a false statement;

- Third, the defendant knew the statement was false; and

- Fourth, the false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing Bob Ward & Sons, Inc. into believing that the Glock 9mm pistol could be lawfully sold to the defendant.

As to the fourth element, the identity of the "actual" buyer is material to the lawfulness of the sale of a firearm. A "straw" buyer's false indication on ATF gun sales Form 4473 that she is the "actual" buyer is material, even if the true buyer was legally eligible to own the firearm.

2

The elements of count II of the indictment are:

- First, Shedhorn Sports is a licensed firearms dealer;
- Second, in connection with acquiring a Springfield M1A .308 rifle from Shedhorn Sports, the defendant made a false statement;
- Third, the defendant knew the statement was false; and
- Fourth, the false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing Shedhorn Sports into believing that the Springfield M1A .308 rifle could be lawfully sold to the defendant.

As to the fourth element, the identity of the "actual" buyer is material to the lawfulness of the sale of a firearm. A "straw" buyer's false indication on ATF gun sales Form 4473 that she is the "actual" buyer is material, even if the true buyer was legally eligible to own the firearm.

*See* Ninth Circuit Criminal Model Jury Instruction 14.8 Firearms – False Statement or Identification in Acquisition or Attempted Acquisition (18 U.S.C. § 922(a)(6)) (2022).

## FACTS OF THE CASE

On March 2, 2017, Gallagher purchased a Glock 9mm pistol at Bob Ward & Sons in Bozeman for John Doe, the father of her children.

On March 25, 2017, Gallagher purchased a Springfield M1A .308 rifle at Shedhorn Sports in Ennis for John Doe.

Additionally, on August 18, 2016, Gallagher purchased a Winchester shotgun from Cabela's in Minnesota for John Doe.

Doe was a California convicted felon who spent time in prison there before he joined her in Minnesota and then Montana. In March 2017, Doe also had felony burglary charges pending against him in Gallatin County. All of which, made him prohibited from receiving or possessing firearms according to federal law. Gallagher talked about Doe and his felon status during her May 2017 interview as noted below.

In mid-May 2017, Gallagher told law enforcement that Doe shot the M1A rifle that she purchased for him before he left their campsite a few days before her interview. She noted that he had a Glock 9mm, a shotgun, and the M1 rifle. He left the campsite with all three firearms, which was hours before the shootout with law enforcement. She told law enforcement that she wanted to buy the firearms for him – that she volunteered to buy the firearm for him because he "was always about guns" and had "comfort in having weapons." Much later, Gallagher testified that he had guns his whole life and she "agreed to purchase [the rifle] for him because it was normal for him." She purchased the firearms for Doe so he would feel safe and he usually carried the Glock 17 [the handgun] on his person.

Gallagher's son also told law enforcement that his father (Doe) shot all three firearms at the campsite a few days before he was interviewed in mid-May 2017. Doe left the campsite with the three firearm hours before the shootout with law enforcement.

Doe was then killed in a shootout with law enforcement, where all three firearms that Gallagher purchased for him were recovered. A second person was also killed during the mid-May incident. The firearms all traced back to Gallagher and her purchase of the three firearms as noted above.

## RESPONSE AND 404(b) NOTICE

Under Fed. R. Evid. 401, "[e]vidence is relevant if: (a) it has "any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Fed. R. Evid. 402, all relevant evidence is admissible, except as otherwise provided by the rules, the Constitution, an Act of Congress, or other rules promulgated by the Supreme Court. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. All evidence is prejudicial, that is why it is used. *Old Chief v. United States*, 519 U.S. 172, 193 (1997). To be excludable under Rule 403, the evidence must be unfairly prejudicial and its probative significance must be substantially outweighed by the danger of that prejudice.

5

Under Fed. R. Evid. 404 (b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith" even though it may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence is not considered to relate to "other crimes" if it is "inextricably intertwined" with and "part of the same transaction" as the crime for which the defendant is charged. *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995) (citing *United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989) and *United States v. Soliman*, 813 F.2d 277, 278 (9th Cir. 1987). See also *United States v. King*, 200 F.3d 1207 (9th Cir. 1999); *United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

The Ninth Circuit has held that such evidence of other crimes or wrongs is admissible if the evidence is (1) material; (2) not too remote in time; (3) sufficient to support a finding that a defendant committed the other act; and (4) similar to the charged conduct. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citing *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)). The above four factors help establish whether the evidence is relevant, and courts are accorded "wide discretion" when making their rulings. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

If the evidence is deemed relevant under the above test, courts should admit the evidence, unless the limits of Fed. R. Evid. 403 dictate otherwise. *Romero*, 282 F.3d at 688. The courts take such a stance because they are mindful that Rule 404(b) is a rule of "inclusion," not "exclusion." *See, e.g.*, *United States v. Major*, 676 F.3d 803, 808 (9th Cir. 2012); *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (*en banc*).

The Ninth Circuit has, more than once, upheld admission of contextual evidence that could be deemed prejudicial in the context of a firearms possession charge. Here, it provides context that Gallagher's firearms purchases were, in fact, for Doe, not herself – thus straw purchases for Doe who could not receive, purchase, or possess firearms. *See* 18 U.S.C. §§ 922(g)(1) and (n).

In *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992), the court upheld admission of surrounding factual evidence in a firearms possession case. Daly found evidence of that defendant's involvement in a shootout with police was necessary to put a firearms possession charge in context and rebut Daly's claims of self-defense. The court said: "When a defendant is prosecuted for being a felon in possession of a firearm, evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted." *Id*. The court also said: "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void--without knowledge of the time,

place, and circumstances of the acts which form the basis of the charge." *Daly*, 974 F.2d at 1217 (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir.1984)). Daly reviewed the district court's evaluation of the value of the evidence of the shootout versus the potential for unfair prejudice, noting that court had properly balanced the two prongs of Rule 403 and had carefully evaluated the evidence. *Id*. Daly said the district court had made clear that "[t]he evidence is prejudicial to [defendant]. There is no question about that. But it's also, in my view, probative on the issue that the government has to prove in this case.... [It is] relevant to the issue of possession." *Id*.

In *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir.1991), the court upheld admission of evidence of defendant's drug possession on the ground that it was relevant to show the defendant had knowledge of the weapon in his truck, which was found in close proximity to the drugs in his house and, therefore, was inextricably intertwined with his weapons offense.

Similarly, in *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992), the court upheld admission of evidence that defendant lied to authorities about his name and citizenship as direct evidence "used to flesh out the circumstances surrounding the crime with which the defendant was charged" and to show that he knew transporting illegal aliens was unlawful. (holding that evidence of other acts "inextricably intertwined" with crime charged is direct

evidence that is "used to flesh out the circumstances surrounding the crime with which the defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context").

**ARGUMENT**.

In this case, Gallagher seeks "exclude any and all evidence of the events leading up to the shootout and any and all evidence of the shootout itself." Doc. 16 at 3. The request should be denied. Doe's possession of the firearms after they were purchased by Gallagher is highly probative regarding Gallagher's purchase of the firearms for Doe, a person who could not have lawfully purchased the firearms for himself. Similarly, the fact that the weapons were recovered from Doe is admissible and should come in.

To completely sanitize the trial of who possessed the firearms within 60 days of the straw purchases – not Gallagher – leaves the jury to draw their own conclusion as to what may have been happening or why. As the Ninth Circuit stated in *Daly*, "The prosecution is not restricted to proving in a vacuum the offense of possession of a firearm by a felon." 974 F.2d at 1217. Here, Gallagher purchased firearms for a person under felony prosecution and a convicted felon – Doe received and possessed those firearms. His possession of the firearms at the shootout confirms Gallagher's statements that she purchased the firearms for him.

Further, the Court can instruct the jury regarding other crimes/act evidence:

(1) You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] [are about to see evidence] that the defendant [summarize other act evidence]. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant:

   [had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

   or

   [had a motive or the opportunity to commit the acts charged in the indictment;]

   or

   [was preparing or planning to commit the acts charged in the indictment;]

   or

   [acted with a method of operation as evidenced by a unique pattern [describe pattern];]

   or

   [did not commit the acts for which the defendant is on trial by accident or mistake;]

or

[is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];]

or

[describe other purpose for which other act evidence was admitted.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime[s] charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], [he] [she] must also have committed the act[s] charged in the indictment.

> Remember that the defendant is on trial here only for [state charges], not for these other acts. Do not return a guilty verdict unless the government proves the crime[s] charged in the indictment beyond a reasonable doubt.
>
> (2) You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]." Ninth Circuit Model Jury Instructions 2.10 and 3.3 Other Crimes, Wrongs or Acts of Defendant (revised March 2018) and Fed. R. Evid. 404(b) (both instructions provided in their entirety for the Court's reference).

Finally, Gallagher's August 18, 2016, purchase of the Winchester shotgun for Doe is probative of her intent, plan, motive to purchase the two firearms listed in the indictment and should be admissible evidence at trial. "The testimony concerning prior gun store purchases was admissible under the intent section of Rule 404(b), particularly where addressed directly to the key issue of intent to deceive and where the prior acts were virtually identical, the acts occurred during a

time period proximate to the crime charged, the evidence was not cumulative and a proper limiting instruction was given." *United States v. Buck*, 548 F.2d 871, 876 (9th Cir. 1977).

## CONCLUSION

Gallagher's motion in limine should be denied and her August 2016 purchase of the Winchester shotgun should be admissible at trial.

DATED this 11th day of February 2022.

> LEIF M. JOHNSON
> United States Attorney
>
> */s/ Paulette L. Stewart*
> Assistant U.S. Attorney
> Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 12, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body of the brief contains 2,502 words.

DATED this 11th day of February 2022.

> */s/ Paulette L. Stewart*
> Assistant U.S. Attorney
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a copy of the foregoing document was served on the following persons by the following means:

    (1-2)  CM/ECF
    (  )    Hand Delivery
    (  )    U.S. Mail
    (  )    Overnight Delivery Service
    (  )    Fax
    (  )    E-Mail

1.    Clerk, U.S. District Court

2.    Michael Donahoe
      Attorney for the Defendant

*/s/ Paulette L. Stewart*
Assistant U.S. Attorney
Attorney for Plaintiff