IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TARA ANN GALLAGHER,<br><br>Defendant. | CR 21–43–BU–DLC<br><br><br><br>ORDER |

The Court has reviewed the United States' proposed exhibits and has reached the following conclusions:

1. None of the exhibits featuring transcripts or recordings of interviews or trial testimony will be admitted in its entirety because the vast majority of the transcribed or recorded material is irrelevant to the charges at issue in this case, unduly prejudicial under Rule 403 of the Federal Rules of Evidence, and/or violates this Court's order granting Ms. Gallagher's Motion in Limine (Doc. 47.)

2. Because of the publicity associated with the events underlying Ms. Gallagher's Motion in Limine (*see id.* at 2–3), any disclosure of the identities of Marshall Barrus and/or Lloyd Barrus, either by first name or full name, would run the risk of a juror or jurors identifying the above-captioned case as related to those events, which would violate the Court's Order on

1

  Ms. Gallagher's Motion in Limine. (Doc. 47.) Thus, to the extent the government intends in its case in chief to use any of the proposed exhibits that name either or both of those two individuals, their names and any other identifying information (*e.g.*, the circumstances of firearm recovery in firearm tracing reports) must be redacted, and those individuals must be referred to as John Doe 1 and John Doe 2, respectively. No government witness should mention these individuals' names.

3. These conclusions express no view on the admissibility of the above-described evidence if introduced by Ms. Gallagher or by the government if Ms. Gallagher opens the door to its admission.

Additionally, the Court hereby notifies the parties of its intention to exclude any evidence that John Doe 1 was prohibited from possessing a firearm in the government's case-in-chief. As Ms. Gallagher notes, although the United States twice stated its intent to seek a superseding indictment against Ms. Gallagher adding charges of transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d) (Docs. 21, 40), it ultimately did not obtain that superseding indictment. The jury instructions submitted by the United States acknowledge that the prohibited/non-prohibited status of a "true buyer" does not impact the materiality of the identity of the actual buyer for purposes of the false statement charges pending in this case. (Doc. 54 at 5–6.) At this stage, evidence of John

Doe 1's prohibited status appears to have little or no relevance to the pending charges, and it carries a significant danger of unfair prejudice or confusing the issues (*i.e.*, the jury may convict Ms. Gallagher because her purchases were the but-for cause of a prohibited person's access to firearms, rather than because the United States has proven the elements of the false statement offenses beyond a reasonable doubt). The parties shall be prepared to discuss the admissibility of this evidence at the Final Pretrial Conference.

Accordingly, IT IS ORDERED that the Court will not permit the United States to introduce the following evidence during its case in chief:

1. Entire transcripts or recordings of interviews or trial testimony; and
2. The first or full names of Marshall Barrus and/or Lloyd Barrus, who must be referred to as John Doe 1 and John Doe 2, respectively, and whose names and identifying information must be redacted from any exhibits.

IT IS FURTHER ORDERED that the parties shall be prepared to discuss the admissibility of John Doe 1's prohibited status at the final pretrial conference.

DATED this 3rd day of June, 2022.

Dana L. Christensen, District Judge
United States District Court